UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:

NELSON I. SANTOS
and other similarly-situated individuals,

       Plaintiff(s),

v.

WONG CHONG'S HAPPY DAYS
RESTAURANT, INC. d/b/a
FAR EAST CAFÉ,
KAM SIU DE-WONG
and WAI L WONG
individually,

       Defendants,

_____/

## COMPLAINT
### (OPT-IN PURSUANT TO 29 U.S.C § 216 (b))

COMES NOW the Plaintiff, NELSON I. SANTOS, and other similarly-situated individuals, by and through the undersigned counsel, and hereby sue Defendants WONG CHONG'S HAPPY DAYS RESTAURANT, INC. d/b/a FAR EAST CAFÉ, KAM SIU DE-WONG and WAI L WONG, individually and alleges:

### JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid minimum and overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff NELSON I. SANTOS is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant WONG CHONG'S HAPPY DAYS RESTAURANT, INC. d/b/a FAR EAST CAFÉ (hereinafter FAR EAST CAFÉ or Defendant) is a Florida corporation, having its main place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendant, and at all times material hereto, Defendant was and is engaged in interstate commerce.

4. The individual Defendants KAM SIU DE-WONG and WAI L WONG were and are now, the owners/managers of Defendant Corporation FAR EAST CAFÉ. These individual Defendants had financial and operational control, directed operations of the corporation and they are the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this complaint took place in Dade-County Florida, within the jurisdiction of this Court.

<u>GENERAL ALLEGATIONS</u>

6. Defendant WONG CHONG'S HAPPY DAYS RESTAURANT, INC. is a Chinese restaurant, doing business under the name of FAR EAST CAFE. This restaurant offers sit-down dining, takeout and deliveries within the Miami area. Deliveries of Chinese food orders constitute an integral part of Defendants' business.

7. Defendant FAR EAST CAFE, and the individual Defendants KAM SIU DE-WONG and WAI L WONG, employed Plaintiff NELSON I. SANTOS from approximately June 2013, Plaintiff is still employed by Defendants at the present date, as to January 25, 2017. For FLSA purposes, Plaintiff's relevant period of employment is 156 weeks.

8. Plaintiff was hired as a delivery driver. In these deliveries, Plaintiff, and other similarly situated individuals, had to use its own vehicle, and they had to pay their own automotive expenses. Defendants provided Plaintiff, signs to be placed on their cars.

9. Plaintiff, and other similarly situated individuals, were required to maintain and pay for safe, clean, legally operable, and insured vehicles when delivering FAR EAST CAFE's food orders. However, Plaintiff was not reimbursed for gas and car expenses.

10. Plaintiff worked from Monday to Saturday, and he had a regular schedule from 11:00 AM to 9:00 PM (10 hours daily). Many times, Plaintiff picked-up the last order for delivery at 9:00 PM, this schedule resulted in a workweek of minimum 60 hours.

11. Plaintiff NELSON I. SANTOS was paid Three Dollars and Fifty cents ($3.50) per each delivery successfully completed plus tips, regardless distances and time employed in the delivery.

12. Plaintiff performed an average of 15 deliveries daily or 90 deliveries weekly, driving an average of 540 miles weekly, in 60 working hours per week.

13. These 15 daily deliveries paid at $3.50 per delivery represented $52.50 daily, or $315.00 weekly. Plaintiff received an average of $40.00 in tips. Consequently. Plaintiff earned a total of $355.00 every week.

14. Nevertheless, Defendants did not reimburse plaintiff for the use of his personal vehicle for delivery purposes under the actual car expenses method, or driven miles method. Defendants unreasonably underestimated Plaintiff's automobile expenses, causing a systematic violation of Federal and Florida minimum wage Law.

15. Calculations for Plaintiff's car expenses made using the standard mileage car expenses method, for 6 days of work with 90 miles daily resulted in the following:

1. For 2014 @ 0.56 per mile x 540 miles weekly= $302.40 per week

2. For 2015 @ 0.57 per mile x 540 miles weekly= $307.80 per week

3. For 2016 @ 0.56 per mile x 540 miles weekly= $302.40 per week

16. Plaintiff was a tipped employee earning a total of $355.00 weekly, the lack of reimbursement for car expenses detailed above, caused Plaintiff's hourly rate to fall well below the required Federal and Florida minimum wage in every week during his employment with Defendants.

17. As a tipped employee, Plaintiff NELSON I. SANTOS was not paid pursuant to FLSA minimum wage requirements for tipped-employees.

18. Under the Fair Labor Standards Act (FLSA), employers are allowed to claim a "tip credit" toward fulfilling minimum wage requirements for their tipped workers. In other words, tips are credited against and satisfy a part of the employer's obligation to meet the minimum wage.

19. Under federal law, the company must pay the tipped employee at least $2.13 in direct wages. If the tips along with the direct wage of at least $2.13 per hour do not meet the Federal minimum wage of $7.25, the employer must make up the difference.

20. In the same way, under The Florida Constitution the employer must pay the tipped employee at least $4.91/$5.03 (depending on the year) in direct wages, in addition to tips. If the tips along with the direct wage, do not meet the Florida Minimum Wage, the employer must make up the difference

21. Under Federal and State law, one condition precedent to the "tip credit" availability is that employees be paid the required cash or direct wage, for every hour worked plus tips, and

the resulting amount should meet the applicable Federal and State Minimum Wage for every hour worked.

22. Defendant FAR EAST CAFE is not entitled to claim a Tip Credit, because it did not pay Plaintiff the required Direct Wage or Minimum Cash Wage, during the relevant period of time pursuant to FLSA requirements.

23. Moreover, Defendant did not keep track of the remuneration paid to Plaintiff each week, or the automobile expenses incurred by Plaintiff in one week. Consequently, when Plaintiff's wages and received tips for each week are added, it can be determined that Plaintiff was paid less than the reduced cash or direct wage for every hour worked during a particular week.

24. Additionally, the "tip credit" is unavailing because Defendants never Informed Plaintiff NELSON I. SANTOS of its intentions to claim a tip credit as required for the provisions of 29 U.S.C.§203(m).

25. Therefore, Defendants are not entitled to the "tip credit" allowed by law. Defendants are obligated to pay Plaintiff the full minimum wage.

26. On top of this, Plaintiff was required to work a minimum of 60 hours every week, however Defendants did not pay Plaintiff overtime hours at the rate of time and a half his regular wage, as established by the Fair Labor Standards Act (FLSA).

27. At the end of November 2015, Defendants misclassified Plaintiff NELSON I. SANTOS as an "Independent Contractor". However, Plaintiff was an employee of Defendants, protected under the FLSA regulations, and the Internal Revenue Services (IRS). As a condition for continued employment, Defendants forced Plaintiff to sign an agreement

which specified that Plaintiff was not Defendants' employee, and also specified the required working hours.

28. In fact, Plaintiff was an employee of Defendants, under the protection of FLSA regulations because; 1) Plaintiff worked for Defendants approximately 60 hours weekly for a period of more than 156 weeks; 2) Plaintiff depended exclusively of his employment with FAR EAST CAFÉ, and he did not do deliveries for any other business; 3) Defendants had absolute control over Plaintiff's hours of work, they provided Plaintiff with his work schedule and assigned his deliveries; 4) due to the nature of the business, Defendants had to maintain control over the Plaintiff's delivery, demanding high velocity performing deliveries; 5) Plaintiff did not have any discretion or authority to refuse a delivery on basis of distance or miles to be driven, he was not free to accept or refuse a delivery. Thus, Plaintiff was not able to control his profits or losses; 6) Plaintiff did not required or received any special training to be a delivery driver; 7) The Chinese food delivery service performed by Plaintiff was an integral part of the FAR EAST CAFE business; 8) Plaintiff had a regular schedule from 11:00 AM to 9:00 PM, which was strictly enforced.

29. By reason of the foregoing, Plaintiff NELSON I. SANTOS was an employee of Defendant. FAR EAST CAFE was the employer of Plaintiff and was required to comply with the mandates of the FLSA, as it applied to Plaintiff and other similarly situated individuals.

30. From approximately November 1, 2016, to January 14, 2017, Defendants reduced Plaintiff's days of work to 4 days per week; and then from approximately January 16, 2017, to the present, Plaintiff's days of work were reduced to 3 days per week.

31. Plaintiff NELSON I. SANTOS intends to recover, minimum and overtime wages accumulated during his employment with Defendants, liquidated damages, and any other relief as allowable by law.

32. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid minimum wages or overtime hours at the rate of time and one half of their regular rate of pay for all hours worked in excess of forty.

## COUNT I:
## F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS

33. Plaintiff NELSON I. SANTOS re-adopts each and every factual allegation as stated in paragraphs 1-32 of this complaint as if set out in full herein.

34. This action is brought by Plaintiff to recover from the Employer unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206. U.S.C. §206 states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

  (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

  (B) $6.55 an hour, beginning 12 months after that 60th day; and

  (C) $7.25 an hour, beginning 24 months after that 60th day.

35. Defendant FAR EAST CAFÉ was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) (1) (A). Defendant is a retail businesses, operating as restaurant. Defendant uses the instrumentalities of interstate commerce. Defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

36. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Plaintiff was a delivery driver and through his daily activities he was regularly engaged in interstate commerce by handling credit cards payments, by using the instrumentalities of interstate commerce, and by handling goods that were produced and moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

37. Defendant FAR EAST CAFE, employed Plaintiff NELSON I. SANTOS as a non-exempt delivery driver from approximately June 2013, Plaintiff is still employed by Defendants at the present date as January 25, 2017. For FLSA purposes, Plaintiff's relevant period of employment is 156 weeks.

38. Plaintiff worked from Monday to Saturday, and he had a regular schedule from 11:00 AM to 9:00 PM (10 hours daily). Many times, Plaintiff picked-up the last order for delivery at 9:00 PM, this schedule resulted in a workweek of minimum 60 hours.

39. At the end of November 2015, Plaintiff NELSON I. SANTOS was wrongly classified as an "Independent Contractor". However, because of the reason explained in paragraphs 8-16 of this Complaint, Plaintiff was an employee of Defendant under the FLSA, and IRS regulations.

40. Plaintiff NELSON I. SANTOS was a non-exempt tipped employee of FAR EAST CAFE, within the meaning of 29 U.S.C. § 203(e)(1). Defendant was the employers of Plaintiff within the meaning of 29 U.S.C. § 203 (d), and they were required to comply with the mandates of the FLSA, as it applied to Plaintiff and other similarly situated individuals.

41. To perform his delivery work, Plaintiff had to use its own personal vehicle, and he had to pay their own automotive expenses. Defendants provided Plaintiff, signs to be placed on his car.

42. Plaintiff, and other similarly situated individuals, were required to maintain and pay for safe, clean, legally operable, and insured vehicles when delivering FAR EAST CAFE's food orders. However, Plaintiff was not reimbursed for gas and car expenses.

43. Regardless distances and time employed in every delivery, Plaintiff NELSON I. SANTOS was paid Three Dollars and Fifty cents ($3.50) per each delivery successfully completed, plus tips. Plaintiff performed an average of 15 deliveries daily or 90 deliveries weekly, driving an average of 90 miles daily or 540 miles weekly, in 60 working hours per week.

44. The 15 daily deliveries paid at $3.50 per delivery represented $52.50 daily, or $315.00 weekly. Plaintiff received an average of $40.00 in tips. Consequently. Plaintiff earned a total of $355.00 every week.

45. Nevertheless, Defendants did not reimburse plaintiff for the use of his personal vehicle for delivery purposes under the actual car expenses method, or driven miles method. Defendants unreasonably underestimated the delivery driver's automobile expenses, causing a systematic violation of Federal and Florida minimum wage Law.

46. Calculations for Plaintiff's car expenses made using the standard mileage car expenses method, resulted in the following:

    4. For 2014 @ 0.56 per mile x 540 miles weekly= $302.40 per week

    5. For 2015 @ 0.57 per mile x 540 miles weekly= $307.80 per week

    6. For 2016 @ 0.56 per mile x 540 miles weekly= $302.40 per week

47. Plaintiff was a tipped employee earning a total of $355.00 weekly, the lack of reimbursement for car expenses detailed above, caused Plaintiff's hourly rate to fall well below the required Federal and Florida minimum wage in every week during his employment with Defendants.

48. As a tipped employee, Plaintiff NELSON I. SANTOS was not paid pursuant to FLSA minimum wage requirements for tipped-employees.

49. Under federal law, the company must pay the tipped employee at least $2.13 in direct wages. If the tips along with the direct wage of at least $2.13 per hour do not meet the Federal minimum wage, the employer must make up the difference.

50. Under federal and state law one condition precedent to the "tip credit" availability is that employees be paid the required cash or direct wage, for every hour worked plus tips, and

the resulting amount should meet the applicable Federal and State Minimum Wage for every hour worked.

51. Defendant FAR EAST CAFE is not entitled to claim a Tip Credit, because it did not pay Plaintiff the required Direct Wage or Minimum Cash Wage, during the relevant period of time pursuant to FLSA requirements.

52. Moreover, Defendant did not keep track of the remuneration paid to Plaintiff each week, or the automobile expenses incurred by Plaintiff in one week. Consequently, when Plaintiff's wages and received tips for each week are added, it can be determined that Plaintiff was paid less than the reduced cash or direct wage for every hour worked during a particular week.

53. Therefore, during the relevant period, Defendants misclassified Plaintiff, and failed to pay him minimum wages in violation of the FLSA provisions. Defendants are not entitled to the "tip credit" allowed by law and they are obligated to pay Plaintiff the full minimum wage for every hour of work.

54. The records, if any, concerning the number of hours actually worked by Plaintiff NELSON I. SANTOS, and all other similarly-situated employees, and the compensation actually paid to such employees, should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

55. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

56. Prior to the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

*These are preliminary calculations, subjected to modifications after proper discovery.

    a. <u>Total amount of alleged unpaid wages</u>:

    Fifty-Seven Thousand Six Hundred Three Dollars and 00/100 ($57,603.00)

    b. <u>Calculation of such wages</u>:

    Total relevant weeks of employment:  156 weeks

    1.- <u>Minimum wages from January 25, 2014 to October 31, 2016=144 weeks</u>

    Total relevant weeks:  144 weeks
Total number of hours worked:  60 hours weekly
Delivery rate: $3.50  x 15 deliveries daily=$52.50 daily x 6 days= $315.00 + $40.00 of tips weekly=$355.00
Paid weekly: $355.00 - $300.00 car expenses (x average miles)=$55.00
$55.00: 60 hours worked weekly = $0.92 an hour
Federal minimum wage: $7.25 - $0.92 paid = $6.33 difference

    $6.33 difference x 60 hours weekly=$379.80 weekly x 144 weeks=$54,691.20

    2.-<u>Minimum wages from November 1, 2016 to January 14, 2017=10 weeks</u>

    Total relevant weeks:  10 weeks
Total number of hours worked:  40 hours weekly
Delivery rate: $3.50 x 15 deliveries daily=$52.50 daily x 4 days= $210.00 + $26.64 of tips weekly=$236.64
Paid weekly: $236.64 - $200.00 car expenses (x average miles)=$36.64
$36.64:40 hours worked weekly = $0.92 an hour
Federal minimum wage: $7.25 - $0.92 paid = $6.33 difference

    $6.33 difference x 40 hours weekly=$253.20 weekly x 10 weeks=$2,532.00

    3.-<u>Minimum wages from January 16, 2017 to January 25, 2017=2 weeks</u>

    Total relevant weeks:  2 weeks
Total number of hours worked: 30 hours weekly
Delivery rate: $3.50 x 15 deliveries daily=$52.50 daily x 3 days= $157.50 + $19.98 of tips weekly=$177.48
Paid weekly: $177.48 - $150 car expenses (x average miles)=$27.48
$27.48:30 hours worked weekly = $0.92 an hour
Federal minimum wage: $7.25 - $0.92 paid = $6.33 difference

    $6.33 difference x 30 hours weekly=$189.90 weekly x 2 weeks=$379.80

Total unpaid Minimum wages 1, 2, and 3: $57,603.00

    c. <u>Nature of wages:</u>

This amount represents unpaid Federal minimum wages.

57. Defendant FAR EAST CAFE unlawfully failed to pay Plaintiff minimum wages as required by the Fair Labor Standards Act.

58. Defendant FAR EAST CAFE knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these minimum wages since the commencement of Plaintiff and those similarly-situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

59. At the times mentioned, individual Defendants KAM SIU DE-WONG and WAI L WONG were the owners/partners and manager of FAR EAST CAFE. These individual defendants were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that the individual Defendants acted directly in the interests of FAR EAST CAFE in relation to their employees, including Plaintiff and others similarly situated. Defendants KAM SIU DE-WONG and WAI L WONG had full financial and operational control of the corporation, determined Plaintiff's terms and working conditions, and provided Plaintiff and other similarly situated employees with their work schedule. Defendants KAM SIU DE-WONG and WAI L WONG are jointly liable for Plaintiff's damages.

60. Defendants FAR EAST CAFE, KAM SIU DE-WONG and WAI L WONG willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States as set forth above, and remain owing Plaintiff these minimum wages.

61. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff NELSON I. SANTOS and those similarly-situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff NELSON I. SANTOS and against the Defendants FAR EAST CAFE, KAM SIU DE-WONG and WAI L WONG on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

JURY DEMAND

Plaintiff NELSON I. SANTOS and those similarly-situated demand trial by jury of all issues triable as of right by jury.

**COUNT II:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME, AS TO ALL DEFENDANTS**

62. Plaintiff NELSON I. SANTOS re-adopts each and every factual allegation as stated in paragraphs 1-32 above as if set out in full herein.

63. This action is brought by Plaintiff and those similarly-situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

64. Defendant FAR EAST CAFÉ was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) (1) (A). Defendant is a retail businesses, operating as restaurant. Defendant uses the instrumentalities of interstate commerce. Defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

65. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Plaintiff was a delivery driver and through his daily activities he was regularly

engaged in interstate commerce by handling credit cards payments, by using the instrumentalities of interstate commerce, and by handling goods that were produced and moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

66. Defendant FAR EAST CAFE, employed Plaintiff NELSON I. SANTOS as a non-exempt delivery driver from approximately June 2013, Plaintiff is still employed by Defendants at the present date as January 25, 2017. For overtime FLSA purposes, Plaintiff's relevant period of employment is 144 weeks.

67. Plaintiff was hired as a delivery driver, to perform these deliveries, Plaintiff, and other similarly situated individuals, had to use its own vehicle, and they had to pay their own automotive expenses. Defendants did not reimburse Plaintiff for car expenses any amount, causing Plaintiff's wage rate to fall below the required Federal minimum wage.

68. Plaintiff worked from Monday to Saturday, and he had a regular schedule from 11:00 AM to 9:00 PM (10 hours daily). Many times, Plaintiff picked-up the last order for delivery at 9:00 PM, this schedule resulted in a workweek of minimum 60 hours.

69. During his time of employment with Defendant, Plaintiff NELSON I. SANTOS was misclassified as an Independent contractor. However, Plaintiff was an employee of Defendants under the FLSA, and IRS regulations, as explained in paragraphs 8 to 16 of this Complaint, and Defendants were required to comply with the mandates of the FLSA, as it applied to Plaintiff and other similarly situated individuals.

70. Due to this misclassification Plaintiff and those similarly-situated, regularly worked an average of more than 40 hours per week without receiving proper payment for every hour in excess of forty, in violation of Section 7 (a) of the FLSA.

71. Plaintiff and other similarly situated employees were paid with cash without any paystub providing basic information about wage rate, hours worked etc. Defendants did not maintain any time keeping method and did not keep track of hours worked by Plaintiff.

72. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

73. The records, if any, concerning the number of hours actually worked by Plaintiff and those similarly situated, and the compensation actually paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain time records of hours worked by Plaintiff and other employees.

74. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

   *These are preliminary calculations, subjected to modification as discovery would dictate
   *Plaintiff was paid less than the required minimum wage. Therefore, calculations are based on the rate of $7.25 an hour

   a. Total amount of alleged half-time unpaid O/T wages:

      Thirty One Thousand Three Hundred Five Dollars and 60/100 ($31,305.60)

   b. Calculation of such wages:

      Total relevant weeks of employment: 144 weeks
      Total number of hours worked: 60 hours weekly
      Total number of unpaid overtime hours: 20 hours
      Wage rate: $7.25 x 1.5 = $10.87 weekly

      O/T rate $10.87 x 20 O/T hours =$217.40 weekly x 144 weeks = $31,305.60

   c. Nature of wages (e.g. overtime or straight time):

      This amount represents unpaid overtime wages.

75. Therefore, the Employer/Defendant failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked in excess of the

maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

76. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

77. At the times mentioned, individual Defendants KAM SIU DE-WONG and WAI L WONG were the owners/partners and manager of FAR EAST CAFE. These individual defendants were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that the individual Defendants acted directly in the interests of FAR EAST CAFE in relation to their employees, including Plaintiff and others similarly situated. Defendants KAM SIU DE-WONG and WAI L WONG had full financial and operational control of the corporation, determined Plaintiff's terms and working conditions, and provided Plaintiff and other similarly situated employees with their work schedule. Defendants KAM SIU DE-WONG and WAI L WONG are jointly liable for Plaintiff's damages.

78. Defendants FAR EAST CAFÉ, KAM SIU DE-WONG and WAI L WONG willfully and intentionally misclassified Plaintiff as an Independent Contractor and refused to pay Plaintiff overtime wages as required by the law of the United States, and remain owing

Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

79. Plaintiff seeks to recover his unpaid overtime wages accumulated during his time of employment with Defendants as allowable by law.

80. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff NELSON I. SANTOS and those similarly-situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff NELSON I. SANTOS and other similarly-situated individuals and against the Defendants FAR EAST CAFE, KAM SIU DE-WONG and WAI L WONG on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff NELSON I. SANTOS actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff NELSON I. SANTOS and those similarly-situated demand trial by jury of all issues triable as of right by jury.

Dated:  January 27, 2017

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*